# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE OHLERT, | CASE NO. 1:07-cv-0900-AWI DLB PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF |
| v. | TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| K. CLARK, et al., | (Doc. 1) |
| Defendants. | |

I.      Screening Order

      A.      Screening Requirement

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 filed on June 22, 2007.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534

1  U.S. 506, 514 (2002). "'The issue is not whether a plaintiff will ultimately prevail but whether the

2  claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the

3  pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353

4  F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

5  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

6  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

7  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

8  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

9  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

10 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

11 266, 268 (9th Cir. 1982)).

12          B.    Plaintiff's Claims

13          Plaintiff is an inmate housed at the Substance Abuse Treatment Facility, Corcoran State

14 Prison. Plaintiff contends that after he was assaulted by an inmate, he was placed back on the same

15 yard without regard for his safety and thereafter he was assaulted by the inmates' friends. Plaintiff

16 contends he received major head injuries and he seeks "compensation" for his injuries. Plaintiff

17 names Warden Clark, Captain Pratt, Sergeant Philpott and Lieutenant Schottgen as defendants.

18          The court has reviewed plaintiff's complaint in its entirety. For the reasons set forth below,

19 the complaint fails to state any cognizable claims for relief and therefore must be dismissed.

20 Plaintiff will be given the opportunity to file an amended complaint. In amending his complaint,

21 plaintiff should utilize the following legal standards as guidance.

22          1.    Linkage Requirement

23          Plaintiff has failed to link the named defendants with any specific conduct. "Pursuant to Rule

24 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is

25 entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading,

26 whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon

27 at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim

28 is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 511-12, 122 S.Ct. 992 (quoting

Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In filing his amended complaint, plaintiff must link all the named defendants with some affirmative act or omission. In addition, plaintiff should keep in mind that supervisory personnel such as the Warden, Captain, Sergeant or Lieutenant are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

1   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

2   of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black,

3   885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045

4   (9th Cir. 1989).

5            2.       Failure to Protect Plaintiff from Serious Harm

6            Plaintiff appears to be claiming that defendants failed to protect him from serious harm.  To

7   constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions

8   must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S.

9   337, 347 (1981).   Although prison conditions may be restrictive and harsh, prison officials must

10  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.;

11  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246

12  (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical

13  abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).

14  To establish a violation of this duty, the prisoner must establish that prison officials were deliberately

15  indifferent to a substantial risk of serious harm to the inmate's safety.  Farmer, 511 U.S. at 834.  The

16  deliberate indifference standard involves an objective and a subjective prong.  First, the alleged

17  deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing Wilson v.

18  Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an

19  excessive risk to inmate health or safety."  Id. at 837.

20           Plaintiff has not alleged any facts supporting a claim that defendants "[knew] of and

21  disregard[ed] an excessive risk to [plaintiff's] health or safety."  Farmer, 511 U.S. at 837.  Indeed,

22  as discussed, plaintiff as failed to allege that any of the named defendants engaged in any specific

23  conduct which resulted in the deprivation of his constitutional rights.  Absent allegations supporting

24  a claim that the named defendants  acted with deliberate indifference, plaintiff fails to state a claim

25  for relief under section 1983.

26           C.       Conclusion

27           For the reasons set forth above, plaintiff's complaint is dismissed.  The court will provide

28  plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets

forth for each defendant, *as briefly as possible*, what action that defendant took or failed to take. Plaintiff should utilize the legal standards provided in this order for guidance.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.      If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 20, 2008**                    _____ **/s/ Dennis L. Beck**_____
                                                            UNITED STATES MAGISTRATE JUDGE